**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 7:18-cr-0128-S1 |
| | § | |
| SELENE SUAREZ | § | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SELENE SUAREZ, Defendant, by and through her undersigned counsel Christopher Sully and Alejandro Ballesteros, and respectfully files these proposed jury instructions:

**STRUCTURING TRANSACTIONS TO EVADE REPORTING REQUIREMENTS
31 U.S.C. § 5324(a)(3)
2.104 (modified)**

Title 31, United States Code, Section 5324(a)(3), makes it a crime for anyone to structure any transaction with one or more domestic financial institutions in order to evade the reporting requirements of or any regulation prescribed under section 5313(a) of Title 31 of the United States Code.

Section 5313(a) and its implementing regulations require the filing of a government form called a Currency Transaction Report (CTR). Those regulations require that every domestic financial institution which engages in a currency transaction of more than $10,000 in a business day must file a report with the Internal Revenue Service furnishing, among other things, the identity and address of the person engaging in the transaction, and the amount of the currency transaction. The CTR must be filed within fifteen (15) days of the transaction.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knew of the domestic financial institution's legal obligation to report currency transactions in excess of $10,000;

*Second*: That the defendant knowingly structured the currency transaction alleged in that respective count of the indictment; and

*Third*: That the purpose of the structured transaction was to evade that reporting obligation.

A person structures a transaction if that person conducts one or more currency transactions in any amount, at one or more financial institutions, on one or more days, for the purpose of evading the reporting requirements described earlier. Structuring includes breaking down a single sum of currency exceeding $10,000 into smaller sums.

### PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT
### 1.05

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

### EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE
### 1.06

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the fi analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any

opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## CREDIBILITY OF WITNESSES
## 1.08

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony diff from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side

than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### CAUTION—CONSIDER ONLY CRIME CHARGED
### 1.19

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

### SINGLE DEFENDANT—MULTIPLE COUNTS
### 1.21

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

### DUTY TO DELIBERATE
### 1.24

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will

never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reason- able doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Respectfully submitted,

*s/Christopher Sully*
CHRISTOPHER SULLY
Attorney-in-Charge
Counsel for Selene Suarez
Southern District of Texas 1119552
Texas State Bar No. 24072377
LAW OFFICE OF CHRIS SULLY
5804 N. 23rd St.
McAllen, TX 78504
Tel.: (956) 413-7271
Fax: (888) 990-1525
csully@sullylaw.com

*s/Alejandro Ballesteros*
ALEJANDRO BALLESTEROS
Counsel for Selene Suarez
Texas State Bar No. 24053086
Southern District of Texas 2218288
Ballesteros Gonzalez Law Firm, PLLC
BBVA Compass Bank Tower
3900 N. 10th St., Suite 980
McAllen, Texas 78501
Tel.: (956) 800-4418
Fax: (956).800-4419

### CERTIFICATE OF SERVICE

On April 30, 2019, these proposed jury instructions were served on Assistant U.S. Attorneys Patricia Profit and Scott Greenbaum via ECF.

*s/Christopher Sully*
CHRISTOPHER SULLY